UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VERNON LEWIS CURRY, JR., <br><br> Petitioner, <br><br> v. <br><br> RONALD HAYNES, <br><br> Respondent. | CASE NO. 3:22-cv-5493-LK <br><br> ORDER DENYING MOTION TO WITHDRAW AND FOR AN EXTENSION |

This matter comes before the Court on a motion filed by Petitioner Vernon Lewis Curry, Jr.'s counsel to withdraw from representation and grant Mr. Curry an additional 60 days to file his objections pro se to the pending Report and Recommendation. Dkt. No. 32. For the reasons set forth below, the Court denies the motion.

## I.  BACKGROUND

On July 6, 2022, Mr. Curry filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his state court conviction and sentence for first degree murder with a firearm enhancement and first degree unlawful possession of a firearm. *See* Dkt. Nos. 1, 6. Counsel appeared on his behalf in August 2022. Dkt. No. 10.

ORDER DENYING MOTION TO WITHDRAW AND FOR AN EXTENSION - 1

On May 11, 2023, United States Magistrate Judge David W. Christel issued a Report and Recommendation ("R&R") recommending that the Court dismiss the petition. Dkt. No. 31 at 39. Judge Christel informed the parties that objections were due within 14 days, *id.*, making objections due by May 25, 2023. Over a week after the R&R was issued, Mr. Curry's counsel filed this motion.

## II. DISCUSSION

### A. The Court Denies the Motion to Withdraw

An attorney must seek leave of court before withdrawing from representation except in certain circumstances inapplicable here. *See* LCR 83.2(b)(1). "A motion for withdrawal shall be noted in accordance with LCR 7(d)(3) . . . and shall include a certification that the motion was served on the client and opposing counsel." *Id.* Counsel states in his certificate of service that he "*will* send a copy to Mr. Curry via certified U.S. mail," Dkt. No. 32 at 3 (emphasis added), but filed no proof that he has actually done so.

In addition, the Court considers "several factors when evaluating a motion to withdraw, such as: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Covington v. German Wise Dental LLC*, No. 3:20-CV-06173-LK, 2022 WL 1719133, at *2 (W.D. Wash. May 27, 2022) (cleaned up). Here, the motion does not state why counsel is moving to withdraw and vaguely states, in the context of seeking an extension, that Mr. Curry is "choosing to proceed *pro se*[.]" Dkt. No. 32 at 2. Allowing the withdrawal now, with less than a week remaining before objections to the R&R are due, will delay resolution of this case and harm the administration of justice because counsel avers that Mr. Curry requires an additional 60 days to complete his objections pro se. *Id.* at 1. For those reasons and the failure to comply with Local Civil Rule 83.2, the Court denies the motion to withdraw.

ORDER DENYING MOTION TO WITHDRAW AND FOR AN EXTENSION - 2

### B. The Court Denies the Motion for an Extension

The motion also seeks an additional 60 days to file objections based on the assumption that Mr. Curry will proceed pro se and require additional time because he "now has only six days until his filing deadline to review the extensive pleadings and voluminous record; conduct legal research when he is permitted to do so; and draft, edit, and file his Objections[.]" Dkt. No. 32 at 2. Because counsel is not permitted to withdraw, that justification is now moot and fails to supply the requisite good cause. Fed. R. Civ. P. 6(b)(1)(A).

Moreover, the motion is untimely. Local Civil Rule 7(j) cautions that "whenever possible," a motion for relief from a deadline should "be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Counsel filed this motion less than a week before objections to the R&R were due and noted it for June 9, 2023, which is after the deadline to file objections. Counsel does not explain why he failed to file the motion earlier. Now, on the eve of the objections deadline, the motion is untimely and fails to provide good cause for an extension.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES counsel's motion to withdraw and for an additional 60 days for Mr. Curry to file his objections pro se. Dkt. No. 32.

Dated this 22nd day of May, 2023.

_Lauren King_
Lauren King
United States District Judge

ORDER DENYING MOTION TO WITHDRAW AND FOR AN EXTENSION - 3