UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VERNON LEWIS CURRY, JR., <br><br> Plaintiff, <br><br> v. <br><br> RONALD HAYNES, <br><br> Defendant. | CASE NO. 3:22-cv-5493-LK <br><br> ORDER GRANTING MOTION FOR RECONSIDERATION |

This matter comes before the Court on a motion for reconsideration filed by Petitioner Vernon Lewis Curry, Jr.'s counsel. Dkt. No. 34. The Court previously denied his motion to withdraw from representation and to grant Mr. Curry an additional 60 days to file his objections to the pending Report and Recommendation. Dkt. Nos. 32, 33. The motion did not include a certification that it had been served on the client as required by Local Civil Rule 83.2(b)(1), did not state why counsel was moving to withdraw or supply good cause for the additional time sought to file objections, and was not filed sufficiently in advance of the objections deadline under Local Civil Rule 7(j). Dkt. No. 33 at 2–3; *see also* LCR 83.2(b)(1) (requiring motions for withdrawal to be noted in accordance with LCR 7(d)(3)).

ORDER GRANTING MOTION FOR RECONSIDERATION - 1

1       Motions for reconsideration are disfavored, and the Court will deny them "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).[1] Counsel criticizes the Court's Order as "potentially somewhat chilling in imposing onerous requirements on defense counsel," Dkt. No. 34 at 5, but the Order merely enforces the clear mandate of the Local Rules: "A motion for withdrawal . . . *shall* include a certification that the motion was served on the client and opposing counsel," and "[u]nless the attorney withdraws in accordance with these rules, the authority and duty of an attorney of record shall continue after final judgment," LCR 83.2(b)(1), (b)(7) (emphasis added). *See also Ewalan v. Wash. State Dep't of Corr.*, No. C20-5678-JLR-TLF, 2022 WL 5258463, at *2 (W.D. Wash. Oct. 6, 2022) (denying motion to withdraw for failure to serve motion on client and provide client reasonable warning of withdrawal); *Curtis v. Illumination Arts, Inc.*, No. C12-0991-JLR, 2013 WL 12107576, at *1 (W.D. Wash. Oct. 22, 2013) (denying motion to withdraw for failure to serve motion on clients). Ensuring that the client is notified of the attorney's actions where withdrawal will result in the client being unrepresented is a matter of professional competence and due care, consistent with the Rules of Professional Conduct. *See* Wash. R. Prof. Conduct 1.16(b)–(c). Counsel's description of this requirement as "onerous" is not consistent with those obligations. Dkt. No. 34 at 4.

      Now that counsel has provided the reason for his withdrawal and certified that he mailed a copy of his motion to withdraw to Mr. Curry, Dkt. No. 34 at 3, the Court GRANTS the motion to withdraw. In light of Mr. Curry's now pro se status, the Court GRANTS him an additional 35 days

---

[1] Local Civil Rule 7(h) requires the Court to request a response to the motion for reconsideration before granting it, but the Court need not do so here because counsel has represented that he "spoke with Counsel for the Respondent, who voiced objection to neither counsel's withdrawal nor an extension of up to 60 days." Dkt. No. 34 at 3. Given the time-sensitive nature of the request to withdraw and for an extension, the Court will not request a further response from Defendant.

ORDER GRANTING MOTION FOR RECONSIDERATION - 2

to file his objections to the Report and Recommendation. The Clerk of the Court is directed to renote the Report and Recommendation, Dkt. No. 31, for June 30, 2023.

Dated this 23rd day of May, 2023.

*Lauren King*
Lauren King
United States District Judge