UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VERNON LEWIS CURRY, JR., | CASE NO.  3:22-cv-5493-LK |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |
| v. | |
| RONALD HAYNES, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David W. Christel. Dkt. No. 31. Judge Christel recommends dismissing with prejudice pro se Petitioner Vernon Curry, Jr.'s Section 2254 Petition for Writ of Habeas Corpus. *Id.* at 1–2, 39; Dkt. No. 6 (habeas petition). Mr. Curry objects to the R&R. Dkt. No. 36. The Court commends counsel and Mr. Curry for their zealous advocacy. The record in this case spans thousands of pages, and it is clear that the parties devoted significant time and effort to their submissions. After reviewing the petition, answer, traverse, R&R, objections, the response to the objections, and the remainder of the record, the Court adopts the R&R and overrules the objections.

# I.   BACKGROUND

Mr. Curry was convicted in 2016 of first degree murder with a firearm enhancement and first degree unlawful possession of a firearm. Dkt. No. 27-1 at 2. He was sentenced to 570 months in prison. *Id.* at 7.

Mr. Curry appealed his conviction and raised six assignments of error to the Washington Court of Appeals, which affirmed his conviction. *Id.* at 56–106 (appellate opening brief), 15–29 (unpublished decision). He sought discretionary review by the Washington Supreme Court, raising three grounds of error. *Id.* at 204–27. The Washington Supreme Court denied review, *id.* at 31, and the Washington Court of Appeals issued its mandate on November 27, 2018, *id.* at 249.

Mr. Curry also filed a Personal Restraint Petition ("PRP"). *Id.* at 251–308. The Washington Court of Appeals denied his petition, *id.* at 33–49, and the Washington Supreme Court denied his motion for discretionary review, *id.* at 2607–30 (motion), 51–54 (order denying review). Following Mr. Curry's unsuccessful motion to modify the Washington Supreme Court's ruling, *id.* at 2652–71, a certificate of finality was issued on May 9, 2022, *id.* at 2682.

Mr. Curry filed a petition for habeas corpus under 28 U.S.C. § 2254 in July 2022. Dkt. No. 1. As the R&R explained, Mr. Curry's habeas petition raises the following eight grounds for relief:

1. The trial court erred in failing to grant Mr. Curry's motion to dismiss based on prosecutorial misconduct and government mismanagement which denied Mr. Curry his Sixth Amendment constitutional right to counsel;

2. The trial court erred in allowing improper impeachment of Mr. Curry based on a false association between Mr. Curry, Ylyfe Entertainment and numerous other entities;

3. The trial court erred in refusing to instruct the jury that they could consider first degree manslaughter as a lesser included offense to the charge of first degree murder;

4. Mr. Curry's Sixth Amendment constitutional right to the effective assistance of counsel was violated by defense counsel's failure to challenge the state's ballistics testimony;

5.  Mr. Curry's Sixth Amendment constitutional right to the effective assistance of counsel was violated by defense counsel's failure to challenge the admission of Karin Curry's hearsay testimony and 911 call;

6.  Mr. Curry's Sixth Amendment constitutional right to the effective assistance of counsel was violated by defense counsel's failure to seek a limiting instruction regarding the Y Gang photo evidence;

7.  Cumulative error deprived Mr. Curry of his Sixth and Fourteenth Amendment constitutional rights to a fair trial and substantiates the violations of his Sixth Amendment constitutional rights to the effective assistance of counsel;

8.  Mr. Curry received ineffective assistance of appellate counsel on the direct appeal of his convictions.

Dkt. No. 31 at 6–7 (citing Dkt. No. 6 at 10, 15, 21, 24, 28, 35, 39 and 40); Dkt. No. 19 at 5–6. After filing his petition and a supplemental brief, Dkt. Nos. 4, 6, Mr. Curry retained counsel, who sought leave to file an additional supplemental memorandum, Dkt. No. 11. The Court granted leave to file a supplemental brief, but to avoid duplication struck the original supplemental brief and ordered Mr. Curry to file a single consolidated brief. Dkt. No. 12 at 1–2. Mr. Curry filed his supplemental brief and exhibits on October 31, 2022. Dkt. Nos. 19, 19-1–19-12. On January 27, 2023, Respondent filed his answer and the state court record. Dkt. Nos. 26–29. Mr. Curry filed his traverse on February 20, 2023. Dkt. No. 30.

Judge Christel reviewed each of Mr. Curry's grounds for relief and recommended that the Court deny Mr. Curry's petition and dismiss this action with prejudice. Dkt. No. 31 at 39. He also recommended that the Court deny a certificate of appealability. *Id.* at 38; *see* 28 U.S.C. § 2253(c)(2).

Judge Christel advised the parties that any objections to his Report and Recommendation were due within 14 days. Dkt. No. 31 at 39. Mr. Curry's counsel subsequently filed a motion to withdraw and to extend the time for Mr. Curry to file his objections pro se, and the Court granted that motion. Dkt. Nos. 34–35. His timely objections followed. Dkt. No. 36. Respondent then filed a response to the objections. Dkt. No. 37. "For brevity's sake," Respondent relied on his prior

briefing and addressed "just two matters" raised in Mr. Curry's objections. *Id.* at 2; *see also id.* at 2–5 (arguing that the R&R properly considered both the Washington Court of Appeals' and Supreme Court's decisions, and that Mr. Curry impermissibly raised a new argument in his objections to grounds two and three).

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Reviewing the R&R

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

#### 2.   28 U.S.C. § 2254

A person in custody pursuant to a state court judgment is entitled to habeas relief only if they can show that the state court's adjudication of their claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2); *see also Harrington v. Richter*, 562 U.S. 86, 97–98 (2011). Federal courts will not disturb a state court's application of federal law under Section 2254(d)(1) unless it was "objectively unreasonable," or "so obviously wrong that its error lies beyond any possibility

for fairminded disagreement"—a "challenging standard to meet." *Fauber v. Davis*, 43 F.4th 987, 996–97 (9th Cir. 2022) (cleaned up); *see also Walden v. Shinn*, 990 F.3d 1183, 1195 (9th Cir. 2021). And under Section 2254(d)(2), "a state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion." *Walden*, 990 F.3d at 1195 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). On habeas review, the state trial court is afforded "substantial deference" with respect to factual determinations. *Brumfield v. Cain*, 576 U.S. 305, 314 (2015).

**B.     Unexhausted and Procedurally Defaulted Claims (Grounds Two & Three)**

Judge Christel found that Mr. Curry's second ground for relief (permitting improper impeachment) and third ground for relief (declining to give lesser-included offense instruction) were both unexhausted and procedurally defaulted. Dkt. No. 31 at 8–13.

As Judge Christel noted, a federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). To provide that opportunity, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–163 (1996).

Judge Christel found that Mr. Curry did not exhaust either claim because he raised them "only as a matter of state law and did not present them to the state appellate courts as issues of federal constitutional law." Dkt. No. 31 at 8 & n.3 (ground two); *id.* at 9–10 (ground three). Mr. Curry does not contest that finding, and a review of the record confirms its accuracy. Dkt. 27-1 at 94–96 (state court of appeals opening brief, ground 2); *id.* at 103–106 (state court of appeals

opening brief, ground 3); *id.* at 180–81 (reply brief, ground 3).[1] Judge Christel also found that grounds two and three were procedurally defaulted "because if petitioner attempted to present these claims in a subsequent PRP, the state court would find the claims barred" by Washington's one-year statute of limitations on filing a PRP or other post-conviction challenge. Dkt. No. 31 at 11 (citing Wash. Rev. Code § 10.73.090 and noting that Mr. Curry's deadline to file a petition or motion for post-conviction relief expired on November 27, 2019); *see Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991) (explaining that if a state procedural rule would now preclude the petitioner from raising his claim at the state level, the claim is considered "procedurally defaulted" and the federal courts are barred from reviewing the petition on the merits). Mr. Curry does not object to that finding either.[2]

"[F]ederal courts may excuse procedural default only if a prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law"; i.e., "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and that the errors at trial created not merely "a *possibility* of prejudice, but rather that the constitutional violation worked to [the prisoner's] *actual* and substantial disadvantage." *Shinn v. Ramirez*, 596 U.S. 366, 379–80 (2022) (cleaned up); *see also* Dkt. No. 31 at 12. As Judge Christel found, Mr. Curry "has not demonstrated some objective factor external to his defense

---

[1] Mr. Curry did specify violations of the federal constitution with respect to ground two for the first time in his personal restraint proceeding at the Washington State Supreme Court. *Compare* Dkt. No. 27-1 at 2612, 2624, *with, e.g., id.* at 303–06. However, this does not satisfy the exhaustion requirement. *Carrillo–Carrillo v. Coursey*, 823 F.3d 1217, 1220 (9th Cir. 2016) ("To obtain federal habeas relief, [petitioner] must show that he has exhausted the remedies available in state court by fairly presenting his claims to each level of [the state's] court system[.]"); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

[2] Even if ground three were not unexhausted and procedurally defaulted, "[t]here is no Supreme Court precedent establishing that a state trial court is required to instruct on lesser included offenses in noncapital cases," *Bortis v. Swarthout*, 672 F. App'x 754 (9th Cir. 2017), and "[i]n the context of a habeas corpus review of a state court conviction, [the Ninth Circuit] ha[s] stated that there is no clearly established federal constitutional right to lesser included instructions in non-capital cases[.]" *United States v. Rivera–Alonzo*, 584 F.3d 829, 834 n.3 (9th Cir. 2009) (citation omitted).

ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS - 6

prevented him from complying with the State's procedural bar rule." Dkt. No. 31 at 13. Given his failure to show cause, "the Court need not reach the issue of prejudice." *Id.* And Mr. Curry "has not provided new, reliable evidence showing he is actually innocent and, therefore, this is not the kind of extraordinary instance where this Court should review the claim despite the absence of a showing of cause." *Id.*

Mr. Curry objects to the R&R on ground two—and, though unclear, potentially also on ground three—stating that "[w]hile it may be argued [that] Appellate Counsel had failed to fully present this Issue on Direct, the Fact that Petitioner Raised an Ineffective Assistance of Appellate Counsel Ground (Ground 8) in his Habeas Petition . . . invokes the exception in *Martinez v. Ryan*," 566 U.S. 1, 14–16 (2012), because his ineffective assistance claim "has [m]erit." Dkt. No. 36 at 11. Respondent counters that Mr. Curry should not be permitted to argue this new *Martinez* theory for the first time in his objections, and regardless, the theory lacks merit. Dkt. No. 37 at 4. The Court agrees on both fronts.

The Court has discretion whether to consider arguments made for the first time in objections. *See, e.g.*, *Cail v. Holbrook*, No. 2:22-cv-00031-LK, 2023 WL 6377475, at *2 (W.D. Wash. Sept. 29, 2023); *Davis v. Port Angeles Sch. Dist.*, No. 3:20-CV-5448-BHS-SKV, 2022 WL 602171, at *6 (W.D. Wash. Mar. 1, 2022); *Ewalan v. Wash. State Dep't of Corr.*, No. C20-5678-JLR, 2021 WL 5824381, at *6 n.8 (W.D. Wash. Dec. 8, 2021). The Court declines to do so; allowing Petitioner to rely on a new theory now, particularly over Respondent's objection, is an inefficient use of judicial resources that "would frustrate the purpose of the Magistrates Act." *Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) (finding that the purpose of the Act would be frustrated by "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court," because the Act was not "intended to give litigants an opportunity to run one version of

their case past the magistrate, then another past the district court"), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (per curiam).

Even if the Court were to consider the new theory, the result would not change. In general, counsel's ineffective assistance cannot serve to excuse the procedural default of claims. *Coleman*, 501 U.S. at 752–54. *Martinez* and its progeny established a "narrow exception" for some ineffective assistance of counsel claims in specific circumstances. *Martinez*, 566 U.S. at 9. But Mr. Curry's grounds two and three do not allege ineffective assistance of counsel. Instead, ground two contends that the trial court erred in allowing improper impeachment based on a false association between Mr. Curry, Ylyfe Entertainment, and numerous other entities. Dkt. No. 31 at 6. Ground three asserts that the trial court erred in refusing to instruct the jury that they could consider first degree manslaughter as a lesser included offense to the charge of first degree murder. *Id.* at 7. *Martinez* therefore does not save those procedurally defaulted grounds.

Accordingly, the Court adopts the R&R's findings and conclusions as to grounds two and three and overrules Petitioner's objections as to those claims.

## C. Failure to Grant Motion to Dismiss (Ground One)

In ground one, Mr. Curry contends that the trial court erred in denying his motion to dismiss, which asserted that misconduct by the elected prosecutor forced the withdrawal of Mr. Curry's trial counsel of choice. Dkt. No. 6 at 10–15; Dkt. 19 at 23–26. He contends that the prosecutor's office refused to negotiate a plea deal with his counsel—or any member of a group they dubbed "the confederacy of dunces"—and his counsel withdrew as a result. Dkt. No. 19 at 26; Dkt. No. 28 at 26. Mr. Curry further alleges that the appellate court erroneously found that he was not entitled to dismissal on that basis because he could not show prejudice, even though prejudice is not required. Dkt. No. 19 at 25–26.

Judge Christel agreed that Mr. Curry was not required to show prejudice. Dkt. No. 31 at 15. However, he concluded that the Washington Court of Appeals correctly determined that Mr. Curry "failed to prove the initial premise of his claim—that there had been any prosecutorial or governmental misconduct in the first place." *Id.* at 17. As Judge Christel correctly notes, the record regarding this ground is very limited and comprised of only the transcript of the argument on the motion to dismiss. Dkt. 28 at 25–32. As shown in that transcript, the trial court reviewed the declaration of withdrawing counsel and explained that it made "clear that [the withdrawal] didn't have anything to do with" the prosecutor's ability to work with Mr. Curry's withdrawing counsel. *Id.* at 30; *see also id.* at 31 (trial court quoting withdrawing counsel's declaration). Mr. Curry's former counsel explained in the declaration that it was Mr. Curry's concern regarding his representation that "was the reason for [his] withdrawal," and not that counsel "had been treated unusually or unfairly by [the prosecutor]." Dkt. No. 27-1 at 16–17; *see also id.* at 349–55.

Mr. Curry argues that the R&R must be rejected because he "can submit supporting Evidence in a Reference Hearing[.]" Dkt. No. 36 at 11. This Court has no ability to grant Mr. Curry a state court reference hearing. Wash. R. App. P. 16.12 (providing for reference hearings in PRP proceedings).

Even if Mr. Curry is seeking an evidentiary hearing—as opposed to a reference hearing—he is not entitled to one. To the extent Mr. Curry is arguing that the decision not to grant a new trial was an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1), this Court's review "is limited to the record in existence . . . before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). And because it appears that he has failed to develop the factual basis for his claim in the state court proceedings, he has to overcome this statutory limitation:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2254(e)(2). Mr. Curry has not demonstrated that those grounds exist.

Even if he had established such grounds, a federal habeas court is still "not *required* to hold a hearing or take any evidence"—that decision "must be informed by principles of comity and finality that govern every federal habeas case." *Shinn*, 596 U.S. at 381–82. Specifically, a habeas petitioner must show diligence in state court and allege a colorable claim for relief. *West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010). And to accomplish the latter, the petitioner must allege facts that, if true, would entitle him to federal habeas relief. *Id.*; *Williams v. Calderon*, 52 F.3d 1465, 1484 (9th Cir. 1995) (no evidentiary hearing is required when the court, without resolving disputed facts not found by the state courts, can conclude that no entitlement to federal habeas relief has been shown).

The fact that Mr. Curry's prior counsel withdrew did not, in itself, violate his Sixth Amendment right to counsel; a defendant does not have the right to be represented by counsel "who is not willing to represent the defendant[.]" *Miller v. Blacketter*, 525 F.3d 890, 895 (9th Cir. 2008). And Mr. Curry does not point to any facts—as  opposed to hearsay and speculation—to support his allegations. Dkt. No. 19 at 26 (listing reasons Mr. Curry's former counsel was "forced" to withdraw without any citation to the record). His speculation about why his former counsel

withdrew is refuted by the trial court's statement that withdrawing counsel's declaration made "clear that [the withdrawal] did not have anything to do with" the prosecutor's ability to work with Mr. Curry's withdrawing counsel. Dkt. No. 28 at 30. There is no basis to hold an evidentiary hearing on the issue.

In sum, Mr. Curry has not shown that the trial court erred in denying his motion to dismiss based on his counsel's withdrawal. The Court agrees with Judge Christel that the Washington Court of Appeals correctly determined that Mr. Curry failed to prove that there had been any prosecutorial or governmental misconduct. Dkt. No. 27-1 at 22 (Court of Appeals finding that Mr. Curry's former counsel "withdrew of his own accord" and "acknowledged that he had not been treated unfairly by the deputy prosecutor handling the case."); Dkt. No. 31 at 17. The Court therefore adopts the R&R on ground one.

### D.    Ineffective Assistance of Counsel (Grounds Four through Eight)

In grounds four through six, Mr. Curry contends that his trial counsel was ineffective by failing to: (a) challenge the state's ballistics evidence, (b) challenge the admission of Karin Curry's hearsay testimony and 911 call, and (c) seek a limiting instruction on "Y Gang" photos admitted for impeachment purposes. Dkt. No. 31 at 19 (citing Dkt. No. 6 at 24–39). In ground seven, he asserts that these errors cumulatively deprived him of a fair trial. Dkt. 19 at 53. Finally, in ground eight, Mr. Curry argues that his appellate counsel was ineffective in failing to assert in his direct appeal the issues that Mr. Curry subsequently raised in his PRP. Dkt. 6 at 40; Dkt 27-1 at 260; Dkt. No. 31 at 36.

As Judge Christel explained, the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland*. A defendant must prove (1) that counsel's performance was deficient and, (2) that the

1   deficient performance prejudiced the defense. *Id.* at 687. The reviewing court need not address

2   both components of the inquiry if an insufficient showing is made on one component. *Id.* at 697.

3          Under the first prong of the *Strickland* test, a petitioner must show that counsel's

4   performance fell below an objective standard of reasonableness. *Id.* at 688. Judicial scrutiny of

5   counsel's performance must be highly deferential. *Id.* at 689. "A fair assessment of attorney

6   performance requires that every effort be made to eliminate the distorting effects of hindsight, to

7   reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from

8   counsel's perspective at the time." *Id.* In order to prevail on an ineffective assistance of counsel

9   claim, a petitioner must overcome the presumption that counsel's challenged actions might be

10  considered sound trial strategy. *Id.*; *see also Pinholster*, 563 U.S. at 196 ("*Strickland* specifically

11  commands that a court must indulge the strong presumption that counsel made all significant

12  decisions in the exercise of reasonable professional judgment.") (cleaned up).

13         The second prong of the *Strickland* test requires a showing of actual prejudice related to

14  counsel's performance. In order to establish prejudice, a petitioner "must show that there is a

15  reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

16  would have been different. A reasonable probability is a probability sufficient to undermine

17  confidence in the outcome." *Strickland*, 466 U.S. at 694.

18         When considering an ineffective assistance of counsel claim on federal habeas review,

19  "[t]he pivotal question is whether the state court's application of the *Strickland* standard was

20  unreasonable." *Harrington*, 562 U.S. at 101. That question is "different from asking whether

21  defense counsel's performance fell below *Strickland's* standard." *Id.* "The analysis is 'doubly

22  deferential' when, as here, a state court has decided that counsel performed adequately." *Dunn v.*

23  *Reeves*, 594 U.S. 731, 739 (2021) (per curiam) (quoting *Burt v. Titlow*, 571 U.S. 12, 15 (2013)).

24

1  Under that standard, "a federal court may grant relief only if *every* fairminded jurist would agree

2  that *every* reasonable lawyer would have made a different decision." *Id.* at 739–40 (cleaned up).

3     1.   Ballistics Testimony (Ground Four)

4        Mr. Curry contends that his trial counsel was ineffective in failing to challenge the

5  scientific basis of ballistics testimony presented by the state's expert witness, Brenda Walsh, based

6  upon toolmark identification. Dkt. No. 31 at 21 (citing Dkt. No. 6 at 24–28). This claim has two

7  components: Mr. Curry asserts that his counsel should have (1) objected to the admissibility of the

8  evidence under *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923), and (2) conducted a more

9  vigorous cross-examination on the limitations of toolmark identification. *Id.*[3] Respondent argues

10 that the state courts properly applied the *Strickland* standard, reasonably determined that the trial

11 court would not have excluded the evidence if counsel had objected because toolmark evidence

12 was "widely accepted" at the time of Mr. Curry's trial, counsel's cross-examination decisions were

13 not deficient, and Mr. Curry failed to demonstrate prejudice. Dkt. No. 26 at 32–38.

14       Judge Christel explained that to prevail on a claim for ineffective assistance of counsel for

15 failure to file a motion, a petitioner "must show that (1) had his counsel filed the motion, it is

16 reasonable that the trial court would have granted it as meritorious, and (2) had the motion been

17 granted, it is reasonable that there would have been an outcome more favorable to him." *Wilson v.*

18 *Henry*, 185 F.3d 986, 990 (9th Cir. 1999); Dkt. No. 31 at 21–22. Judge Christel noted that the

19 Washington Court of Appeals considered this claim and explained that "[d]ecisions on whether

20 and when to object to trial testimony are classic examples of trial tactics," and reversal is justified

21 "only if defense counsel had no valid strategic reason for failing to object, an objection likely

22 would have succeeded, and the result of the trial would have been different if the evidence had not

23

24 ───────────

[3] Mr. Curry contends that the state relied on the toolmarks—markings on the shell casings—to show that they were fired from the gun used to kill the victim. Dkt. No. 19 at 15.

been admitted." Dkt. No. 31 at 22 (quoting Dkt. No. 27-1 at 40). The Court of Appeals concluded that Mr. Curry could not "establish that the trial court would have excluded Walsh's testimony if he had objected." Dkt. 27-1 at 42. Judge Christel found that "Petitioner has not established the state courts unreasonably concluded he had failed to demonstrate a *Frye* motion would be successful." Dkt. No. 31 at 24. Judge Christel also noted that the Deputy Commissioner of the Washington Supreme Court concluded that Mr. Curry "presented no evidence that defense counsel lacked strategic reasons for his decisions or any other evidence that could overcome the presumption of reasonable assistance." Dkt. No. 31 at 25 (quoting Dkt. No. 27-1 at 53) .

Turning to the cross-examination issue, Judge Christel explained that the Court of Appeals concluded that Mr. Curry failed to establish an absence of any conceivable tactical reason for counsel's cross-examination decisions. *Id.* (citing Dkt. No. 27-1 at 43). Mr. Curry's objections address only the *Frye* issue, and the Court adopts the R&R as to the cross-examination issue. *Id.* at 24–27.

Mr. Curry argues that the R&R erred in relying on the Court of Appeals' decision rather than the Washington Supreme Court's decision, which was the "last reasoned decision" on the issue. Dkt. No. 36 at 6. Respondent agrees that the relevant decision is the last reasoned state court decision on an issue, but "if the last reasoned state-court decision adopts or substantially incorporates the reasoning from a previous state court decision, the federal court may consider both decisions to fully ascertain the reasoning of the last decision." Dkt. No. 37 at 3; *see, e.g.*, *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). Here, the Washington Court of Appeals decided Mr. Curry's ineffective assistance claim on the merits of his PRP, and the Washington Supreme Court agreed with the Court of Appeals' analysis on this issue. Dkt. No. 27-1 at 53. Specifically, the Washington Supreme Court explained,

1

2

3

4

> The Court of Appeals thoroughly evaluated Mr. Curry's arguments under the correct standards applicable to claims of ineffective assistance of counsel, and it found no showing by Mr. Curry overcoming the strong presumption that counsel provided professionally adequate assistance. *See State v. Estes*, 188 Wn.2d 450, 458, 395 P.3d 1045 (2017). Mr. Curry simply disagrees with the court's conclusions; he does not show that they conflict with any decision of this court or that the arguments he makes are of such constitutional significance as to warrant this court's review.

5

6

7

*Id.* Because the Washington Supreme Court substantially incorporated the Court of Appeals'

reasoning, this Court may consider both decisions, as the R&R did. Dkt. No. 31 at 25; *Edwards*,

475 F.3d at 1126.

8

9

10

Mr. Curry also contends that "the State Courts did not even attempt to hold the Required

Reference/Evidentiary Hearing to determine whether [a *Frye*] Motion would have been

successful." Dkt. No. 36 at 6. But the Washington Supreme Court noted that "Mr. Curry bears the

11

12

13

burden of showing that evidence exists that supports his claims before his is entitled to a reference

hearing." Dkt. No. 27-1 at 53 (citing *In re Pers. Restraint of Rice*, 828 P.2d 1086, 1092 (Wash.

1992)). Mr. Curry did not meet that burden. *Id.* Mr. Curry's conclusory objection that a hearing

14

should nevertheless have been held does not demonstrate any constitutional error.

15

16

17

Mr. Curry's objections also cite a 2020 case that he contends "signal[ed] the shift in the

accepted use of toolmark evidence[.]" Dkt. No. 36 at 5 (citing *United States v. Adams*, 444 F. Supp.

3d 1248, 1266 (D. Or. 2020)). But the court in *Adams* explicitly limited its reasoning for its partial

18

19

20

exclusion of an expert's toolmark testimony to the specific facts presented and stated that its ruling

was "not an indictment of forensic evidence or toolmark comparison analysis writ large." *Adams*,

444 F. Supp. 3d at 1266. The Court of Appeals rejected Mr. Curry's argument and relied on a

21

22

23

24

recent decision concluding that the trial court did not err in admitting toolmark evidence. Dkt. No.

27-1 at 41–42 (citing *State v. DeJesus*, 436 P.3d 834 (Wash. Ct. App. 2019), *review denied*, 448

P.3d 54 (Wash. 2019)). Mr. Curry's objections on this basis "are merely a rehash of arguments

already raised and decided upon by the Magistrate Judge[.]" *El Papel LLC v. Inslee*, No. 2:20-CV-01323-RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021); *see also Aslanyan v. Herzog*, No. C14-0511-JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014); *compare* Dkt. No. 31 at 23–24 (R&R discussing and rejecting Mr. Curry's arguments), *with* Dkt. No. 36 at 5–7 (relevant portion of objections). The Court overrules Mr. Curry's objections and adopts the R&R's analysis and conclusions on this ground as well.

      2.  <u>Curry Testimony and 911 Call (Ground Five)</u>

      Mr. Curry contends that his counsel was deficient in failing to move for a mistrial after the trial court sustained an objection to hearsay testimony regarding Karin Curry's basis for her 911 call, and in failing to object to the separate admission of the recording of that call on Confrontation Clause grounds. Dkt. 6 at 28–35; Dkt. No. 31 at 27. Respondent argues that Mr. Curry did not establish that a motion for mistrial would have been successful and the state courts reasonably concluded that counsel was not deficient in failing to raise a Confrontation Clause objection. Dkt. 26 at 38–46.

      The R&R quoted the following facts from the PRP on this issue:

> On direct examination, Karin testified that she called the police after receiving a "call from . . . [her] grandson's mother . . . [Uta Martinez] saying that there was speculation that my son could possibly be involved." 8B RP at 579. Defense counsel objected on the basis of hearsay, which the trial court sustained. The trial court later instructed the jury to disregard any evidence ruled inadmissible during trial.
>
> Later in her testimony, Karin was asked why she called the police. She denied calling due to her suspicions regarding her son's involvement in the shooting. The State then began to play a recording of the 911 call. At some point during the recording, defense counsel asked to stop the recording and objected on the basis of hearsay, relevance, and prejudice. The trial court overruled the objection, reasoning that there was no hearsay in the recording itself, and allowed the tape to be played in its entirety.

Dkt. No. 31 at 5 (quoting Dkt. No. 27-1 at 35–36).

1    Judge Christel explained that as with Mr. Curry's ballistics-related claim above, Mr. Curry

2    must show that "(1) had his counsel filed the motion, it is reasonable that the trial court would

3    have granted it as meritorious, and (2) had the motion been granted, it is reasonable that there

4    would have been an outcome more favorable to him." *Id.* at 27–28 (quoting *Wilson*, 185 F.3d at

5    990). Judge Christel found that "[t]he state court of appeals did not unreasonably apply the

6    *Strickland* standard to [Mr. Curry]'s claim his counsel was ineffective in failing to request a

7    mistrial." *Id.* at 29.

8    Mr. Curry argues that a motion for mistrial, if made, would have been successful because

9    the combination of the testimony and the 911 call left the jury "with an incurable impression that

10   both Karin Curry and Uta Martinez had thought Mr. Curry was involved in the homicide[.]" Dkt.

11   No. 36 at 7–8. Under Washington law, a trial court should grant a mistrial "only when the

12   defendant has been so prejudiced that nothing short of a new trial can insure that the defendant

13   will be tried fairly." *State v. Lewis*, 927 P.2d 235, 238 (Wash. 1996). When reviewing a motion

14   for mistrial based on a witness's objectionable remark, the testimony must be examined "against

15   the backdrop of all the evidence[.]" *State v. Escalona*, 742 P.2d 190, 192 (Wash. Ct. App. 1987).

16   Here again, because the Washington Supreme Court adopted the reasoning from the Court

17   of Appeals on the ineffective assistance of counsel issue, Dkt. No. 27-1 at 53, the Court considers

18   both decisions, *Edwards*, 475 F.3d at 1126. The Deputy Commissioner recounted the facts relevant

19   to this claim and held that Mr. Curry had not overcome the presumption that his counsel rendered

20   reasonable assistance. Dkt. No. 31 at 28 (citing Dkt. No. 27-1 at 53). The Court of Appeals

21   determined that the decision regarding whether to file a motion for a mistrial was a strategic one,

22   and Mr. Curry could not "show that the trial court would have granted a mistrial motion even if

23   defense counsel had made one" because the challenged testimony was brief, the objection was

24   sustained, and Ms. Curry "expressly stated that she was told that Curry's involvement in the

1 murder was speculation." *Id.* (quoting Dkt. No. 27-1 at 44–45). Under those facts, Mr. Curry did

2 not "show that the trial court would have granted a mistrial motion even if defense counsel had

3 made one." Dkt. No. 27-1 at 45. The state courts' application of the *Strickland* standard was not

4 unreasonable. *Harrington*, 562 U.S. at 101.

5   Judge Christel also examined Mr. Curry's contention that his counsel was ineffective in

6 failing to raise a Confrontation Clause objection to Ms. Curry's statements in the 911 call, which

7 he contends included an out of court statement by Ms. Martinez. Dkt. No. 31 at 29 (citing Dkt. No.

8 19 at 47–48). Judge Christel explained that "[t]he Confrontation Clause bars 'admission of

9 testimonial statements of a witness who did not appear at trial unless he was unavailable to testify,

10 and the defendant . . . had a prior opportunity for cross-examination.'" *Id.* at 29 (quoting *Crawford*

11 *v. Washington*, 541 U.S. 36, 53–54 (2004)). A statement is "testimonial" if it was made for an

12 "evidentiary purpose" and "under circumstances which would lead an objective witness reasonably

13 to believe that the statement would be available for use at a later trial." *Melendez–Diaz v.*

14 *Massachusetts*, 557 U.S. 305, 311 (2009) (quoting *Crawford*, 541 U.S. at 52). Thus,

15 nontestimonial statements do not implicate the Confrontation Clause. *Giles v. California*, 554 U.S.

16 353, 376 (2008).

17   The trial court overruled counsel's hearsay objection to the 911 call, finding that Ms.

18 Curry's statements about what she thought and observed were not hearsay. Dkt. No. 28 at 562; *see*

19 *also* Dkt. No. 27-1 at 2375–77 (transcript of the 911 call). The Court of Appeals held that counsel's

20 performance was not deficient because a Confrontation Clause objection would not have been

21 sustained due to the absence of a testimonial out of court statement. Dkt. No. 31 at 30–31 (citing

22 Dkt. No. 27-1 at 45–46). And the Deputy Commissioner concluded that the Court of Appeals

23 correctly applied the standards, and Mr. Curry had not overcome the presumption of reasonable

24 assistance. *Id.* at 31 (citing Dkt. No. 27-1 at 53). Reviewing those decisions, Judge Christel

concluded that "[t]he state court of appeals reasonably concluded a Confrontation Clause objection would not have been successful, and counsel's performance was not deficient when he relied solely upon a state law hearsay objection" rather than a Confrontation Clause objection because "[t]he admitted evidence contained no statement from any third person." *Id.* at 32. Thus, "the state courts properly applied the *Strickland* standard to both of petitioner's hearsay-related claims[.]" *Id.*

Mr. Curry objects and argues that a "Confrontation Clause Objection would have been successful based on the fact that Karin Curry never believed her son was involved in the homicide, that was Uta Martinez, and Mr. Curry was never allowed to interview or cross-examine Uta Martinez." Dkt. No. 36 at 8. But Mr. Curry does not identify any testimonial statement by Ms. Martinez in the 911 recording. Instead, a review of the call confirms the accuracy of the state courts' assessment that Ms. Curry recounted her own thoughts and observations rather than any statement by Ms. Martinez. Dkt. No. 27-1 at 2375–77. Therefore, the state courts' application of the *Strickland* standard was not unreasonable, and the Court adopts the R&R and overrules Mr. Curry's objections on this ground.

### 3. Ineffective Assistance: Y Gang Photo Evidence (Ground Six)

Mr. Curry contends that his counsel was ineffective in rejecting an offered limiting instruction regarding photos depicting him in conjunction with the term "Y Gang" and "Y Gang Entertainment." Dkt. No. 31 at 32 (citing Dkt. No. 6 at 35–38); *see also* Dkt. No. 19 at 50–52. Mr. Curry testified at trial that he had a media company called Ylyfe Entertainment. Dkt 27-1 at 19. During cross-examination, the state asked Mr. Curry if he had ever heard of YG Entertainment or Young Gangster Entertainment, and Mr. Curry denied hearing of either entity. *Id.* at 19–20; Dkt. No. 29 at 266. He also testified that Ylyfe "was [his] first venture" with the entertainment business and "[w]e don't condone street violence." *Id.* When the state started asking about the logo for Ylyfe, the defense raised an objection to be heard outside the presence of the jury. *Id.* at 266–67.

1    The state explained that it intended to "start walking through stuff that impeaches that testimony,"

2    including introducing two photographs showing Mr. Curry associated with a different

3    entertainment company that shared the same logo as Ylyfe. *Id.* at 268, 370, 372. The state initially

4    referred to the different entertainment company as "Young Gangster Entertainment," although the

5    photos show only "Y Gang." *Id.* at 268, 369; *see also id.* at 272 (explaining the state's theory that

6    Y Gang Entertainment was the predecessor to Ylyfe and shared the same logo); *id.* at 379–80 (state

7    later referring to the company as "Y Gang Entertainment"). After Mr. Curry denied that Y Gang

8    Entertainment shared the same logo as Ylyfe, the state offered the photographs (exhibits 174A and

9    175A) into evidence. *Id.* at 382, 391. The trial court admitted the exhibits over Mr. Curry's

10   objections. *Id.* at 382–83, 389, 391. Before presenting the photographs, the state proposed a

11   limiting instruction that informed the jury that the photographs and associated line of questioning

12   may be considered "for assessing the defendant's credibility and for no other reason." *Id.* at 370.

13   Mr. Curry's counsel stated that he did not want the trial court to give the proposed instruction, and

14   the trial court did not give it. *Id.* at 370–72, 382–83, 391. Respondent argues that counsel's decision

15   to forego an instruction that would only draw more attention to the evidence was a reasonable

16   tactical decision, and Mr. Curry was not prejudiced. Dkt. 26 at 48.

17   Judge Christel explained that "[t]he state court of appeals concluded the decision to forego

18   a limiting instruction was not deficient performance, but instead an exercise of reasonable trial

19   strategy," and quoted the Court of Appeals decision as follows:

20   Here, the trial court allowed the State to introduce into evidence two photographs
     from a video featuring Curry and showing the term "Y Gang." The trial court

21   offered to give a limiting instruction, but defense counsel declined. He stated that
     he did "not want argument that [Curry's] part of a gang and it's a gang shooting."

22   Counsel elaborated that giving the instruction would be tantamount to "saying don't
     consider the gang evidence, except for credibility." In other words, counsel

23   articulated his reasons for his decision on the record.

24

> Curry argues that defense counsel's reasons for rejecting the limiting instruction were unreasonable because the proposed limiting instruction did not mention gang evidence. But defense counsel clearly wanted to avoid emphasizing the Y Gang evidence and believed that giving a limiting instruction would create such an emphasis. Given the strong presumption of reasonableness, we conclude that defense counsel's strategic decision did not constitute deficient performance. Accordingly, we conclude that Curry cannot establish ineffective assistance of counsel on this basis.

Dkt. No. 31 at 33 (internal citation omitted) (quoting Dkt. No. 27-1 at 46–47). Judge Christel explained that Mr. Curry "has not rebutted the presumption that counsel was implementing sound trial strategy," and "[t]he state court of appeals did not unreasonably apply the *Strickland* standard to counsel's decision to forego a limiting instruction." *Id.* at 34.

Mr. Curry objects and argues that the R&R erroneously relied on the Court of Appeals' decision, Dkt. No. 36 at 9, but as set forth above, the Court may consider both decisions because the Washington Supreme Court substantially incorporated the Court of Appeals' reasoning, Dkt. No. 27-1 at 53. And the Washington Supreme Court examined and rejected this specific claim of ineffective assistance. *Id.*

Mr. Curry further argues that the trial judge erroneously admitted the photos as impeachment evidence "even though the Record proves Mr. Curry was only ever asked about YG Entertainment and Young Gangster Entertainment," and the evidence led to "a false affiliation of Mr. Curry to a gang." Dkt. No. 36 at 9. But the sole question raised by this claimed error is whether counsel provided ineffective assistance in failing to request a limiting instruction. Dkt. No. 19 at 50–52.[4] The Court agrees with and adopts the R&R's finding that the state courts did not unreasonably apply the *Strickland* standard to counsel's decision to forego a limiting instruction. Dkt. No. 31 at 34. Mr. Curry's counsel made a reasonable tactical decision to forego the limiting instruction to avoid emphasizing the gang-related evidence. Dkt. No. 29 at 371–72. The decision

---

[4] The Court also notes that Mr. Curry was asked about "Y Gang Entertainment." Dkt. No. 29 at 379–80.

1   not to request a limiting instruction is "solidly within the acceptable range of strategic tactics

2   employed by trial lawyers in the mitigation of damning evidence." *Musladin v. Lamarque*, 555

3   F.3d 830, 846 (9th Cir. 2009) (quoting *United States v. Gregory*, 74 F.3d 819, 823 (7th Cir. 1996)).

4   And Mr. Curry has not shown that "*every* fairminded jurist would agree that *every* reasonable

5   lawyer would have made a different decision." *Dunn*, 141 S. Ct. at 2411 (cleaned up). The Court

6   therefore adopts the R&R, overrules Mr. Curry's objections, and denies this ground for relief.

7       4.   Ineffective Assistance: Cumulative Error (Ground Seven)

8       Mr. Curry contends that the errors he alleges cumulatively—and "as compounded by trial

9   counsel's multifaced ineffectiveness"—deprived him of a fair trial. Dkt. 19 at 53. Respondent

10  argues that Mr. Curry "failed to show constitutional error, let alone combined errors, that caused

11  actual prejudice." Dkt. 26 at 53.

12      Judge Christel found that Mr. Curry "has failed to demonstrate any prejudicial error; thus,

13  there is no basis to conclude the cumulative impact of these alleged errors caused prejudice." Dkt.

14  No. 31 at 36. Mr. Curry objects, arguing that he has demonstrated errors and resulting prejudice.

15  Dkt. No. 36 at 12.

16      The Ninth Circuit has recognized that "prejudice may result from the cumulative impact of

17  multiple deficiencies" of trial counsel. *Boyde v. Brown*, 404 F.3d 1159, 1176 (9th Cir. 2005)

18  (quoting *Cooper v. Fitzharris*, 586 F.2d 1325, 1333 (9th Cir. 1978) (en banc)). But here, because

19  Mr. Curry has "failed to establish that his counsel's performance was deficient, or if it was, that

20  he suffered prejudice as a result," he is not entitled to habeas relief on this ground. *Villafuerte v.*

21  *Stewart*, 111 F.3d 616, 632 (9th Cir. 1997) (per curiam); *see also Chavez v. Uttecht*, No. C19-

22  1033-JCC, 2020 WL 2113768, at *4 (W.D. Wash. May 4, 2020) ("[T]here are not multiple errors

23  to accumulate and the cumulative error doctrine does not apply."). The Court therefore adopts the

24  R&R, overrules the objections, and denies this ground for relief.

5.   <u>Ineffective Assistance on Direct Appeal (Ground Eight)</u>

Mr. Curry contends that his appellate counsel was ineffective in failing to assert in his direct appeal the issues that Mr. Curry subsequently raised in his PRP. Dkt. 6 at 40; Dkt 27-1 at 260; Dkt. No. 31 at 36. His supplemental habeas brief alleged that his counsel should have challenged two additional issues in his direct appeal: (1) the improper gang-related impeachment evidence (ground 2), and (2) Karin Curry's hearsay testimony and the 911 call (ground 5). Dkt. No. 19 at 54–55. Respondent argues that Mr. Curry did not demonstrate that his counsel was ineffective, and the Court of Appeals correctly determined that the two additional claimed errors Mr. Curry asserted in his PRP were meritless. Dkt. No 26 at 50–52.

Judge Christel explained that the *Strickland* standard governing ineffective assistance of counsel also applies to claims pertaining to the effectiveness of appellate counsel. Dkt. No. 31 at 36 (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000)). Appellate counsel has no constitutional obligation to raise every nonfrivolous, colorable issue in a merits brief on appeal—only those arguments most likely to succeed. *Davila v. Davis*, 582 U.S. 521, 533 (2017); *Robbins*, 528 U.S. at 288 ("[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."); *see also Hurles v. Ryan*, 752 F.3d 768, 785 (9th Cir. 2014) (a petitioner "must show that appellate counsel's representation fell below an objective standard of reasonableness, and that, but for counsel's errors, a reasonable probability exists that he would have prevailed on appeal."). Judge Christel noted that the Court of Appeals rejected Mr. Curry's contention in light of its determination that the claims raised in the PRP were without merit. Dkt. No. 31 at 37; Dkt. No. 27-1 at 49. The Deputy Commissioner denied review, holding that Mr. Curry failed to overcome the presumption of reasonable assistance. Dkt. 27-1 at 53. Judge Christel concluded that the state courts properly applied the *Strickland* standard. Dkt. No. 31 at 37.

1   Mr. Curry does not object to the R&R on this ground. *See generally* Dkt. No. 36. Mr.

2   Curry's petition does not show that counsel's representation fell below an objective standard of

3   reasonableness, or that he would have prevailed on appeal but for counsel's errors. *Robbins*, 528

4   U.S. at 288–89; *Hurles*, 752 F.3d at 785. The Court agrees with the R&R that the state courts

5   properly applied the *Strickland* standard and correctly found that the additional claimed errors Mr.

6   Curry raised in his PRP were without merit. Dkt. No. 31 at 37. The Court therefore adopts the

7   R&R on this ground.

8   **E.      Certificate of Appealability**

9   Lastly, Judge Christel found that Mr. Curry "is not entitled to a certificate of appealability

10   with respect to this petition" because he failed to make a "substantial showing of the denial of a

11   constitutional right" under 28 U.S.C. § 2253(c)(2). *Id.* at 38.

12   To obtain a certificate of appealability "[w]hen the district court denies a habeas petition

13   on procedural grounds without reaching the prisoner's underlying constitutional claim," the

14   petitioner must show at a minimum "that jurists of reason would find it debatable whether the

15   petition states a valid claim of the denial of a constitutional right and that jurists of reason would

16   find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*,

17   529 U.S. 473, 484 (2000). "Where a district court has rejected the constitutional claims on the

18   merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's

19   assessment of the constitutional claims debatable or wrong." *Id.*

20   Mr. Curry argues that "any reasonable jurist[] would find the Magistrate Judge's

21   assessment of the constitutional claims debatable and/or wrong, and, would also find it debatable

22   whether the Magistrate Judge was correct in [his] procedural ruling as to Grounds 2 [and] 3." Dkt.

23   No. 36 at 4. However, each of Judge Christel's conclusions is wholly supported by the law and the

24   relevant facts, as discussed above. Mr. Curry's arguments do not show that reasonable jurists

would have room for debate regarding Judge Christel's assessment of his claims on the merits, nor does Mr. Curry show that reasonable jurists could debate Judge Christel's procedural ruling on grounds two and three. The Court therefore declines to issue a certificate of appealability.

### III.   CONCLUSION

Having reviewed the R&R, Mr. Curry's objections to it, Respondent's response to the objections, and the remaining record, the Court

(1) ADOPTS the Report and Recommendation, Dkt. No. 31; and

(2) OVERRULES Mr. Curry's objections, Dkt. No. 36.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, to Mr. Curry at his last known address, and to Judge Christel.

Dated this 6th day of May, 2024.

Lauren King
United States District Judge